Christine L. Palm, Appellant, v. Rockford City Traction Company, Appellee.

Gen. No. 6,144.    (Not to be reported in full.)

Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

## Statement of the Case.

Action by Christine L. Palm, plaintiff, against Rockford City Traction Company, defendant, to recover damages for personal injuries sustained by falling from the step of defendant's street car. From a judgment for defendant upon a directed verdict, plaintiff appeals.

FISHER & NORTH, for appellant.

R. K. WELSH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence insufficient to establish negligence in operation of street car.* In an action by a street car passenger to recover damages for injuries alleged to have been sustained as the result of the negligence of the conductor in per-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

mitting the exit door of the car, which was of the pay-as-you-enter kind, to remain open while the car was in motion, so as to lead plaintiff into the belief that she could safely alight, where it appeared that plaintiff gave the signal to stop, and that she immediately followed two men, one of whom had opened the exit door, and that she was warned by the conductor not to get off, and that he could not close the door after the men who had passed out because plaintiff was in the way, evidence *held* insufficient to establish negligence in operation of the car.

2.  CARRIERS, § 476*—*when evidence sufficient to establish that passenger leaving street car while it was in motion was guilty of contributory negligence.* In an action by a street car passenger to recover damages for personal injuries sustained as the result of stepping from the exit door of a pay-as-you-enter car while it was in motion, where it appeared that plaintiff gave the signal to stop and immediately followed two men, one of whom opened the exit door, and either did not hear or disregarded the warning of the conductor not to get off, and the latter was unable to close the door because plaintiff was in the way, evidence *held* sufficient to establish that plaintiff was guilty of contributory negligence.